IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY A. HURST, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 03-362-KAJ |
| | ) |
| CITY OF REHOBOTH BEACH, et al., | ) |
| | ) |
|     Defendants. | ) |

MEMORANDUM OPINION

Jerry A. Hurst, Pro se, 1201 S. Courthouse Road # 534, Arlington, Virginia 22204.

Colin M. Shalk, Esq., Casarino, Christman & Shalk, P.A., 800 North King Street, P.O. Box 1276, Wilmington, Delaware 19899, counsel for defendants City of Rehoboth Beach and Walter Speakman.

Kevin J. Connors, Esq. and Thomas J. Gerard, Esq., Marshall, Dennehey, Warner, Coleman & Groggin, 1220 North Market Street, Suite 500, P.O. Box 8888, Wilmington, Delaware 19899, counsel for defendants Keith Banks, Paul Parsons, Jaime Riddle, Michael Armstrong, Collette Sutherland, Bonnie Ladd, Eric Glasco, Nicole Reynolds, John Bushey, and Frances Bucci.

Roger D. Landon, Esq., Murphy, Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805, counsel for defendant John Wothers.

Roger D. Landon, Esq., Murphy, Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805 and Philip Thomas Edwards, Esq., Philip Thomas Edwards, Esq., 200 West 14th Street, Wilmington, Delaware 19801, counsel for defendant Tammie Morrison.

Bruce C. Herron, Esq., Akin & Herron, P.A., 1220 North Market Street, #300, P.O. Box 25047, Wilmington, Delaware 19899, counsel for defendants Sussex County, R.N. Whittle, Dr. Burns, Two Unknown Correctional Officers, P. Harrison, B. A. Gunter, M.D., and Hubert Pey.

Bruce C. Herron, Esq., Akin & Herron, P.A., 1220 North Market Street, #300, P.O. Box 25047, Wilmington, Delaware 19899 and Stuart B. Drowos, Esq., Department of Justice, 820 North French Street, 8th Floor, Carvel Office Building, Wilmington, Delaware 19801, counsel for defendants Sussex Correctional Institution and Rick Kearney.

Louis J. Rizzo, Jr., Esq., Reger & Rizzo, LLP, 1001 Jefferson Plaza, Suite 202, Wilmington, Delaware 19801, counsel for defendants Atlantic Sands Hotel and Conference Center, Rick Perez, and Sean Miller.

---

February 21, 2006
Wilmington, Delaware


JORDAN, District Judge

I. **INTRODUCTION**

Plaintiff Jerry A. Hurst ("Hurst"), who proceeds *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983. He also invokes 18 U.S.C. § 242, a criminal statute that establishes criminal liability for certain deprivations of civil rights under color of law. Hurst brings this suit against a number of defendants, many of whom have now been dismissed. (*See* Docket Item [D.I."] 118, 119.) He seeks compensatory and punitive damages, attorney's fees, an award of his costs of suit, and other relief as the Court deems appropriate.

The defendants remaining in the case are the City of Rehoboth Beach, Paul Parson, Jaime Riddle, Michael Armstrong, Tammie Morrison, and the Department of Correction's Sussex Correctional Institution. Now before me is a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) filed by the defendant Department of Correction's Sussex Correctional Institution ("SCI") (D.I. 124), Hurst's response (D.I. 125), and SCI's reply (D.I. 126).

II. **STANDARD OF REVIEW**

A motion for a Rule 12(c) judgment on the pleadings is governed by the same standard that governs Rule 12(b)(6) motions to dismiss. *See Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004); *Leamer v. Fauver,* 288 F.3d 532, 535 (3d Cir. 2002). "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Rockefeller Center Properties Inc.,* 311 F.3d 198 (3d Cir. 2002). The Court will accept well-pleaded allegations as

true for the purposes of the motion, but will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977).

## III. DISCUSSION

SCI moves for judgment on the pleadings on the basis that it is immune from liability under the Eleventh Amendment. (D.I. 124.) Hurst contends that SCI has abrogated and/or waived its Eleventh Amendment immunity, and is, therefore, amenable to suit. (D.I. 125.) In his reply Hurst also contests my March 31, 2005, order that dismissed several State defendants and claims. I shall not discuss here any of Hurst's arguments that do not pertain to the issue raised in SCI's motion to dismiss, that issue being whether SCI is immune from suit based upon the Eleventh Amendment.

The Eleventh Amendment shields states from suits by individuals absent their consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The Eleventh Amendment, however, permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted). "Federal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity." *Id.* (citations omitted).

The Delaware Department of Corrections is an agency of the State of Delaware. The complaint seeks only monetary damages, and the State of Delaware has not

2

waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corrections*, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the Department of Corrections is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Hurst's position that SCI waived and/or abrogated its Eleventh Amendment immunity is not-well taken. The law is clear that under the Eleventh Amendment SCI is immune from suit for monetary damages.

## IV.  CONCLUSION

Accordingly, SCI's motion to dismiss pursuant to Fed. R. Civ. P. 12(c) (D.I. 124) will be granted. An appropriate order will follow.